# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

**No. 14-631V**
**Filed: June 30, 2015**
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
RICHARD G. HOFFMAN, *
*
Petitioner, *
v. *
* Attorney Fees and Costs; Stipulation
SECRETARY OF HEALTH AND *
HUMAN SERVICES, *
*
Respondent. *
*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Douglas Burdette, Esq., Burkett & Burdette, Seattle, WA, for petitioner.*
*Justine Walters, Esq., US Department of Justice, Washington, DC, for respondent.*

**DECISION ON ATTORNEY FEES AND COSTS**[1]

**Vowell,** Chief Special Master:

On July 21, 2014, Richard G. Hoffman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that he suffered chronic inflammatory demyelinating polyneuritis (CIDP) resulting from the influenza vaccine he received on October 10, 2012. Petition at 1. On June 26, 2015, I issued a decision awarding compensation to petitioner based on the parties' stipulation.

On June 29, 2015, the parties filed a Stipulation of Facts Regarding Final Attorneys' Fees and Costs. According to the stipulation, the parties agree upon an

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

award of $6,848.52 in attorneys' fees and costs. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). I find the proposed amount to be reasonable.

**Accordingly, I award the total $6,848.52[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Douglas Lee Burdette.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Denise K. Vowell**
**Denise K. Vowell**
Chief Special Master

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).